**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

**FILED**

Jul 19 2013, 6:33 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**GLEN E. KOCH, II**
Martinsville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL M. SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DAVID A. WILSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 55A05-1211-CR-606 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MORGAN SUPERIOR COURT
The Honorable Jane S. Craney, Judge
Cause No. 55D03-1204-CM-532

**July 19, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**PYLE, Judge**

David A. Wilson ("Wilson") appeals his conviction for Class A misdemeanor Resisting Law Enforcement. [1]

We affirm.

## ISSUE

Whether sufficient evidence supports Wilson's conviction.

## FACTS

On April 17, 2012, Officer Christopher Hobbs ("Officer Hobbs"), Officer Blake Long ("Officer Long") and his brother Sergeant Matthew Long ("Sgt. Long") went to 945 South Colfax Street in Martinsville, Indiana to execute an arrest warrant for Wilson. The officers had previously received information that Wilson was staying at this address. When the officers arrived, they surrounded the house. Officer Hobbs covered the back door, and Sgt. Long and Officer Long went to the front door. Sgt. Long knocked and announced that police were present and that they had an arrest warrant. He ordered everyone to exit the house and come outside. Officer Long noticed an individual come to the window, lock it, and then retreat back into the home. Officer Long recognized that the person was wearing a seashell bracelet and ring.

None of the occupants of the home complied with Sgt. Long's request. He then went to the car and retrieved his canine partner, Fero. When he returned to the front door and announced the presence of the canine three individuals exited the house. Officer Long and Sgt. Long, accompanied by Fero, then entered the house. The officers noticed

---

[1] Ind. Code §35-44.1-3-1(a)(3)

2

a partial stairway that led to a converted attic space. Again, they announced loudly for any occupants to present themselves or face the risk of being bitten by Fero. Three additional occupants came out and surrendered themselves to the police. None of the individuals who surrendered themselves were wearing the seashell bracelet and ring that Officer Long had previously noticed. Because the entry to the attic was through a crawl space, Sgt. Long took Fero back to the car. Officer Long notified Sgt. Long that there was still another person in the house.

Sgt. Long, along with Lieutenant Brent Worth ("Lt. Worth"), entered the attic in an effort to apprehend the individual. First, Lt. Worth made the announcement that they were the police and that anyone there should surrender. Next, Sgt. Long switched places with Lt. Worth, announced himself, and saw Wilson's feet under the insulation. He ordered Wilson to come forward, but Wilson attempted to move further in the opposite direction under the insulation. At that point, Sgt. Long retrieved his taser and shocked Wilson two times, after which Wilson surrendered himself to police.

On April 18, 2012, the State charged Wilson with resisting law enforcement, a Class A misdemeanor. A jury trial was held on October 24, 2012, where a guilty verdict was returned. On October 31, 2012, Wilson was sentenced to 365 days with 300 day executed in the Morgan County Jail.

<u>DECISION</u>

Wilson argues that the evidence was insufficient to support his conviction for resisting law enforcement.

3

When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and reasonable inferences supporting the verdict. It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. To preserve this structure, when appellate courts are confronted with conflicting evidence, they must consider it most favorably to the [jury's verdict]. Appellate courts affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.

*Drane v. State*, 867 N.E.2d 144, 146-47 (Ind. 2007) (internal quotation marks and citations omitted).

A person commits Class A misdemeanor resisting law enforcement if he knowingly or intentionally, flees from a law enforcement officer after the officer has, by visible or audible means, including operation of the law enforcement officer's siren or emergency lights, identified himself or herself and ordered the person to stop. Ind. Code § 35- 44.1- 3-1(a)(3). "Flight" in the context of the resisting law enforcement statute is "understood to mean a knowing attempt to escape law enforcement when the defendant is aware that a law enforcement officer has ordered him to stop or remain in place." *Wellman v. State*, 703 N.E.2d 1061, 1063 (Ind. Ct. App. 1998). To convict Wilson of resisting law enforcement, the State was required to prove beyond a reasonable doubt that Wilson fled from Sgt. Long, after Sgt. Long identified himself and ordered Wilson to stop.

4

A. *Sufficiency of Arrest Warrant for Entry*

Wilson contends that he was not required to exit the residence when the officers called for occupants to exit because the officers did not have a warrant specifically for the 945 Colfax Street address. Our Supreme Court has recognized that an arrest warrant founded on probable cause gives the police "limited authority to enter a dwelling in which the suspect lives when there is reason to believe the suspect is within." *Duran v. State*, 930 N.E. 2d 10, 15 (Ind. 2010). The belief is judged on the information available to the officers at the time of entry and need not prove to have been correct in hindsight. *Id* at 15. Officer Hobbs testified that the police had received information that Wilson was residing at the Colfax Street address. At the time the officers went to execute the arrest warrant, they possessed a reasonable belief that 945 Colfax Street was where Wilson had been staying. Additionally, the record reflects that Wilson did not contradict or object to the State's evidence regarding the officer's reasonable belief at trial. A party must show that it gave the trial court a bona fide opportunity to pass upon the merits of a claim before seeking an opinion on appeal. *Cavens v. Zaberdac*, 849 N.E.2d 526, 533 (Ind. 2006). Therefore this issue is waived.

B. *Flight*

Wilson asserts that the act of moving his legs in an enclosed attic is not a knowing attempt to flee from a law enforcement officer who has commanded him to show himself and come to the officer. Wilson's argument depends on the holding in *Vanzyll v. State*, 978 N.E. 2d at 516 (Ind. Ct. App. 2012). In *Vanzyll*, officers were conducting surveillance of a home, after receiving information that Vanzyll was residing there. The

5

officers secured the home prior to obtaining neither an arrest nor search warrant. The officers knocked and announced, at which time, Vanzyll opened and shut the door and retreated back into the home. The door was left ajar and the officers proceeded to enter and commanded Vanyzll to exit the home and surrender himself. Vanzyll did not initially comply with the order, but after a female companion surrendered herself, Vanzyll did as well. The court held that Vanzyll did not resist law enforcement because he was not given a command to stop. In addition, the officers did not have a warrant. Therefore, Vanzyll was not obligated to answer when the officers knocked on the door.

We find that this case is distinguishable from *Vanzyll* and much more like *Wellman.* In *Wellman*, the officers were conducting a legitimate and lawful investigation. Wellman exited his home to speak with police who ordered him to remain outside. Wellman did not comply with the order and retreated back into his home. Therefore, Wellman was found guilty of resisting law enforcement. *Wellman*, 703 N.E.2d 1061.

Unlike *Vanzyll*, and much like *Wellman*, the facts before us show the officers had a valid arrest warrant that they were attempting to execute. The warrant for Wilson's arrest made their presence at 945 Colfax both lawful and legitimate. When Officer Long spotted Wilson at the window, he ordered him to exit the home, but Wilson locked the window. Next, when Sgt. Long found Wilson in the attic, he instructed him to come out of the insulation and make himself known. Wilson did not comply, but attempted to scoot himself further into the insulation in the attic, thus constituting his flight from Sgt. Long. Because there was probative evidence from which the jury could have found

6

Wilson guilty beyond a reasonable doubt of Class A misdemeanor resisting law enforcement, we affirm his conviction.

Affirmed.

KIRSCH, J., and VAIDIK, J., concur.